1  RENE L. VALLADARES
   Federal Public Defender
2  State Bar No. 11479
   RAQUEL LAZO
3  Assistant Federal Public Defender
   411 E. Bonneville Avenue, Ste. 250
4  Las Vegas, Nevada 89101
   (702) 388-6577
5  (Fax) 388-6261

6  Attorney for ISAIAH OUTLAW

7

8                    UNITED STATES DISTRICT COURT

9                         DISTRICT OF NEVADA

10

11    UNITED STATES OF AMERICA,              2:10-cr-00455-PMP-LRL

12                    Plaintiff,             **MOTION AND ORDER TO EXTEND**
                                             **MAY 3, 2012 SELF SURRENDER DATE**
13    vs.

14    ISAIAH OUTLAW,

15                    Defendant.

16

17         COMES NOW the Defendant, ISAIAH OUTLAW, by and through his counsel,

18  Raquel Lazo, Assistant Federal Public Defender, and hereby requests an extension to his May 3,

19  2012 self surrender date of one hundred and twenty (120) days.  This request is based upon the

20  attached Points and Authority and all pleadings and papers previously filed herein.

21         DATED this the 23rd day of April, 2012.

22                                           RENE L. VALLADARES
                                             Federal Public Defender
23
                                             */s/ Raquel Lazo*
24                                       By_____
                                             RAQUEL LAZO
25                                           Assistant Federal Public Defender

26

27

28

1              **POINTS AND AUTHORITIES**

2              On November 28, 2011, Mr. Outlaw filed a Motion to extend his January 4, 2012 Self

3    Surrender Date (#61) so that defense counsel could have additional time to obtain updated medical

4    records to provide to the Marshals and the BOP.  This court granted the Motion and extended the

5    self-surrender date to March 4, 2012.  On February 14, 2012, Mr. Outlaw filed a Motion to extend

6    his March 4, 2012 Self Surrender Date (#63).  Although defense counsel was able to secure all of

7    Mr. Outlaw's medical records, the purpose of this second request was to ensure that the BOP had

8    received and reviewed all of Mr. Outlaw's medical records. This court granted the Motion and

9    extended the self-surrender date to May 3, 2012.

10             Since then, undersigned counsel has been in contact with the BOP regarding whether

11   the BOP has the capability to provide the necessary care and chemotherapy to Mr. Outlaw.  Dr.

12   James Pelton, the BOP physician tasked with reviewing Mr. Outlaw's medical records, opines that

13   because Mr. Outlaw's radiation therapy has concluded, the BOP can in fact care for Mr. Outlaw.  *See*

14   Douglas W. Curless Letter dated April 2, 2012 (attached hereto as "Exhibit A"),

15             On April 3, 2012, one day after receipt of Mr. Curless' letter, Mr. Outlaw had a post-

16   radiation MRI of his brain.  Undersigned received the results on April 5, 2012.  The MRI shows

17   evidence of a progressive disease.  According to Dr. Portnow, Mr. Outlaw's treating physician at the

18   City of Hope, his tumor is "behaving aggressively, recurring only 3 months after finishing radiation."

19   *See* Dr. Portnow's Letter dated April 18, 2012 (attached hereto as "Exhibit B").  Additional tests have

20   been conducted since the MRI.  These tests will help determine Mr. Outlaw's treatment plan.  He is

21   currently being screened for a clinical trial.  If he is not eligible for this trial, then he will undergo

22   intravenously administered chemotherapy.  *Id.*

23             On April 18, 2012, undersigned counsel contacted Dr. Pelton and Mr. Curless via

24   electronic correspondence to advise of the newest developments.  After reviewing Dr. Portnow's

25   most recent letter, Dr. Pelton has advised that the BOP would not be able to take Mr. Outlaw if he

26   were placed in a clinical trial.  *See* Electronic Correspondence (attached hereto as "Exhibit C").  The

27   BOP does not have the resources to maintain the clinical trial if he is in their custody.  *Id.*  If he is

28   not admitted to the trial, then BOP could take him for service of sentence and administer the

1  chemotherapy described in Dr. Portnow's letter.  *Id.*  The BOP prefers that Mr. Outlaw surrender

2  between chemotherapy cycles. *Id.*

3          Defense counsel moves for an extension of Mr. Outlaw's surrender date.  First,

4  additional time is needed to permit Dr. Portnow to assess what Mr. Outlaw's best course of treatment

5  is.  Dr. Portnow anticipates that she will know upon receiving test results in the next week or so.

6  The treatment plan is critical in determining whether the BOP can ultimately accept Mr. Outlaw.

7  If it turns out that the treatment plan can be maintained by the BOP, then it will be necessary to

8  coordinate a surrender date in between chemotherapy cycles.  Secondly, Mr. Outlaw has been

9  diagnosed with glioblastoma, an extremely rare tumor accounting for less than 2% of all cancer

10  diagnosis in the United States.  *See* Dr. Portnow Letter dated February 15, 2012 (attached hereto as

11  "Exhibit D").  "Because of the multitude of complex issues that may arise during treatment, patients

12  with glioblastoma are best managed at a brain tumor center."  *Id.*  Finally, in speaking with Dr.

13  Portnow, she believes that Mr. Outlaw's life expectancy is now 6 months.  Mr. Outlaw's mother, the

14  individual who has been by Mr. Outlaw's side since this court released him under pretrial services

15  supervision, advises that her son has rapidly declined in health in the last month (is eating less

16  frequently, has lost approximately 30 pounds in less than one month, is having more memory issues,

17  is not as mobile as he had been, etc) .  Unfortunately, given his bleak prognosis, there is a chance that

18  Mr. Outlaw will not even survive a self-surrender date.

19          In the event that this court is not inclined to grant the 120 days requested, at the very

20  least, Mr. Outlaw requests sufficient time to make travel arrangements for him and his mother to

21  travel to Butner, North Carolina (Mr. Outlaw's designated BOP facility).

22          Mr. Outlaw continues to remain compliant with all Pretrial Services conditions.  He

23  is essentially confined to his home at this time while receiving treatment.

24  / / /

25  / / /

26  / / /

27  / / /

28

1

**CONCLUSION**

2

      Defendant hereby requests the court to extend his self surrender date from May 3,

3

2012 to a date in the future, but no earlier then one hundred and twenty (120) days.

4

      DATED this th 23rd day of April, 2012.

5

                                Respectfully submitted,

6

                                RENE L. VALLADARES
                                Federal Public Defender

7

8

                              */s/ Raquel Lazo*
                   By_____

9

                                RAQUEL LAZO
                                Assistant Federal Public Defender

10

                                Counsel for Isaiah Outlaw

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1   Federal Public Defender
    State Bar No. 11479
2   RAQUEL LAZO
    Assistant Federal Public Defender
3   411 E. Bonneville Avenue, Ste. 250
    Las Vegas, Nevada 89101
4   (702) 388-6577
    (Fax) 388-6261
5
    Attorney for ISAIAH OUTLAW
6

7
                    UNITED STATES DISTRICT COURT
8
                        DISTRICT OF NEVADA
9

10

11  UNITED STATES OF AMERICA,              2:10-cr-00455-PMP-LRL

12              Plaintiff,                 **ORDER ON MOTION TO EXTEND
                                           MAY 3, 2012 SELF SURRENDER DATE**
13  vs.

14  ISAIAH OUTLAW,

15              Defendant.

16
            IT IS HEREBY ORDERED that Defendant, ISAIAH OUTLAW's self surrender date
17
    of May 3, 2012, be extended to _September 4, 2012_ before 12:00 noon.
18
            DATED this _24th day of April, 2012.
19

20

21                                         _Phil. M. Pro_
                                           _____
22                                         DISTRICT COURT JUDGE

23

24

25

26

27

28

                                       5

**CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies that she is an employee of the Law Offices of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on April 20, 2012, she served an electronic copy of the above and foregoing **MOTION AND ORDER TO EXTEND MAY 3, 2012 SELF SURREND DATE**, by electronic service (ECF) to the person named below:

> DANIEL BOGDEN
> United States Attorney
> NICHOLAS D. DICKINSON
> Assistant Untied States Attorney
> 333 Las Vegas Blvd. So., 5th Floor
> Las Vegas, Nevada 89101

*/s/ Karen Brokaw*
_____
Employee of the Federal Public Defender